**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOUQIN HE, | No. 10-73790 |
| Petitioner, | Agency No. A098-445-282 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013**

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Youqin He, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). Our

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including adverse credibility findings. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001). Contrary to the government's argument, our review is limited to the adverse credibility findings identified by the BIA. *See Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (reviewing only findings explicitly identified by the BIA and examining reasons articulated by IJ in support of those findings). We grant in part and dismiss in part the petition for review, and we remand.

Substantial evidence does not support the agency's adverse credibility findings based on the omission of details from He's declaration. *See Bandari v. INS*, 227 F.3d 1160, 1166-67 (9th Cir. 2000) (IJ improperly based adverse credibility finding on speculation about which details of beating petitioner should have included in application). In addition, the agency's findings that He testified inconsistently about Aunt Li's whereabouts during He's arrest and about when He first started attending home church meetings are not supported by the record. *See id.* at 1167 (reversing credibility determination where the alleged inconsistencies were not supported by the record).

We do not address Petitioner's remaining contentions, including her contention that the IJ violated her due process rights, because Petitioner did not

2

raise these contentions to the BIA and we therefore lack jurisdiction to review them. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004); *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (issue raised in notice of appeal to BIA not exhausted where petitioner then files a brief that fails to raise issue).

Thus, we grant He's petition for review and remand He's asylum and withholding of removal claims, on an open record, for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1094-96 (9th Cir. 2009).

Each party shall bear its own costs for this petition for review.

**PETITION for review GRANTED in part; DISMISSED in part; REMANDED.**